FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| *In propria persona* AARON M. SURINA; A.A.S., minor son; and D.M.S., minor son, <br><br> Plaintiffs, <br><br> v. <br><br> KEITH A. GLANZER; KEITH A. GLANZER, P.S.; SPOKANE COUNTY SUPERIOR COURT JUSTICES; DONNA HENRY; and CARL BERNARD WILSON, <br><br> Defendants. | No.   2:20-cv-00345-SMJ <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW** |

Before the Court, without oral argument, is Plaintiffs' Motion for Preliminary Injunction, ECF No. 18. Plaintiffs are proceeding *pro se* and *in forma pauperis*. Plaintiffs seek a preliminary injunction "staying all orders dated 11/5/2020 or vacating and remanding for either hearing before this honorable court or a neighboring county as is appropriate, to be given an opportunity to be heard before an impartial court." ECF No. 18 at 2. The Court granted Plaintiffs' motion to expedite, ECF No. 24. Defendants Keith A. Glanzer and Keith A. Glanzer, P.S.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 1

(collectively "the Glanzer Defendants") oppose the motion. ECF No. 26. The Court is fully informed and denies the motion for a preliminary injunction.

Also pending before the Court are Plaintiffs' Motion to Take Judicial Notice, ECF No. 15, Motion to Recognize Minor Plaintiffs as I.P.P. and Dual Nationals Through Final Foreign Decree Issue 2018, ECF No. 23, and Motion for Order of Witness Defendant Ezra Glanzer Withdraw as Counsel, ECF No. 30. Because these motions are premature, the Court denies them with leave to renew. As discussed below, the Court directs Plaintiffs to properly serve all Defendants and to wait to file any motions until all Defendants have answered. Finally, the Court reminds Plaintiffs to ensure they comply with federal and local rules and review the applicable law before filing.

## BACKGROUND

### A.    Procedural History

Plaintiffs filed their Complaint on September 24, 2020. ECF No. 1. Plaintiffs filed "Proof of Service" on October 16, 2020. ECF No. 9. The proof of service indicated that the process server left the summons for "Spokane County Superior Court" at "Rm 300/Clerk." *Id.* at 1. It indicated that the process server left the summons for "Donna Henry (Real Estate Broker)" at "the individual's residence or usual place of abode with . . . Emilee 799 S. Stevens Spokane, WA, a person of suitable age and discretion who resides there." *Id.* at 2. Next, for "Carl B. Wilson,"

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 2

it indicated that the process server "left the summons at the individual's residence or usual place of abode ~~with *(name)*~~ affixed to front door at 4417 E. 55th Spokane Wa 99203."[1] *Id.* at 3. Finally, it indicated that the service processor personally served "Keith Glanzer." *Id.* at 4.

Defendant Donna Henry filed a "Notice in the Record" on October 6, 2020, which the Court construes as an answer because Henry proceeds *pro se*. ECF No 7. The Glanzer Defendants answered on October 16, 2020, raising several issues with Plaintiffs' complaint, including improper service, improper naming of Defendant, and failure to state a claim. ECF No. 11 at 5–6. No other Defendants have answered, and no Defendants have filed any dispositive motions.

The Court granted Plaintiff Aaron Surina's Motion to Obtain ECF Login and Password, ECF No. 8. ECF No. 14. The Court denied Plaintiffs' Motion for Appointment of Pro Bono Counsel, ECF No. 22. ECF No. 24. Pending before the Court are Plaintiffs' Motion to Take Judicial Notice, ECF No. 15, Motion to Recognize Minor Plaintiffs as I.P.P. and Dual Nationals Through Final Foreign Decree Issue 2018, ECF No. 23, and Motion for Order of Witness Defendant Ezra Glanzer Withdraw as Counsel, ECF No. 30.

**B.    Plaintiffs' Allegations**

---

[1] The form contained the words "with *(name)*" which the process server crossed out with pen and added that she affixed the summons to the door of the residence. ECF No. 9 at 3.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 3

Plaintiffs allege that on November 5, 2020, the Spokane County Superior Court stated that Plaintiff Aaron Surina failed to appear for a hearing related to a restraining order for domestic violence. ECF No. 18 at 1, 3. Because of Aaron's[2] failure to appear, Commissioner Swennumson ordered that all Aaron's motions be struck. *Id.* But Plaintiffs claims that Aaron "was exactly where they advised [him] to be." *Id.* Plaintiffs attach a Superior Court of Washington, County of Spokane Declaration of Karmen Colby, aunt to minor Plaintiffs D.M.S. and A.A.S., stating that Susan Robson, the Family Court Administrator, advised Aaron on November 4, 2020 to report to Courtroom 202 at 1:30 P.M. the next day, November 5, 2020. ECF No. 18-1 at 1. When Colby and Aaron arrived at Courtroom 202 prior to 1:30 P.M., she states, the hearing was not there. *Id.* at 1–2. They found out that they had to report to a different building, Juvenile Court, but the hearing had already concluded. *Id.* at 2. They were "[t]old to go to Ex-Parte and start over." *Id.*

In the Denial Order and Order Rescinding Surrender of Firearms, Commissioner Swennumson marked that neither Aaron nor his ex-wife Sirinya Surina appeared for the hearing. *See* ECF No. 18 at 6. It indicated a finding that "[a] preponderance of the evidence has not established that there is domestic violence." *Id.* at 4. It directed that the children "be immediately returned to Sirinya Surina."

---

[2] Because this Order discusses several members of the Surina family, including Plaintiff Aaron and his ex-wife Sirinya, this Order will refer to them by their first names to ensure clarity.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 4

*Id.*

In support of the motion, Plaintiffs also attach a second Declaration of Karmen Colby, stating that D.M.S. and A.A.S. have reported abuse by Surinya and others at her residence. *Id.* at 7. Plaintiffs also attach a transcript which appears to describe the minors discussing the abuse. *Id.* at 9–13. There is no attached recording; it is unclear how the transcript was prepared. Plaintiffs also attach a declaration from Aaron and screenshots of emails from Aaron to the Spokane County Web Reporting Center, the Spokane Police, Spokane Schools, and the Washington State Department of Children, Youth and Families, as well as screenshots of an instant message conversation between D.M.S. and his teacher. *Id.* at 14–20. Finally, attached are photos which appear to show bruising. *Id.* at 24–25. But those photos do not show the individual's face or even an identification of who is in the photos. *See id.* at 14, 24–25. Aaron's declaration states that the photos are "recent abuse including metel hangars [sic]." *Id.* at 14.

In their reply, Plaintiffs attach another declaration by Aaron, which accuses Defendants of taken actions which "are not Ethically responsible and basically are a total cancer to the court's process and what it stands for." ECF No. 32 at 13. He accuses Defendant Keith Glanzer of professional misconduct and undue influence in Superior Court. *See*, *e.g.*, *id.* at 14.

Plaintiffs allege in the Motion for Preliminary Injunction that Commissioner

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 5

Swennumson refused to grant Aaron a change of venue or recuse herself. ECF No. 18 at 1, 3. Yet in Plaintiffs' reply, they attach a Spokane County Superior Court Order Appointing Visiting Judge for the County of Spokane which appointed Judge Dixon of Adams County to hear and try the state court matter. ECF No. 32 at 21 (citing *Surina v. Surina*, 17-3-01817-0 (Spokane Cnty. November 17, 2020)). In an email, Ashley Callan, the Superior Court Administrator, noted that the case was assigned to Judge Dixon because Plaintiffs named Spokane County Superior Court as a Defendant in their federal lawsuit. *Id.* at 20.

After Plaintiffs filed this Motion on November 5, 2020, they have continued to pursue a protective order in state court. The superior court received a report from child abuse experts at Sacred Heart Children's Hospital on November 10, 2020. *Id* at 6. That same day, though, the superior court took custody of the minor Plaintiffs. *Id.* at 7. Aaron states that he does "not feel that the court has provided a reasonable standard of care" to the minor Plaintiffs. *Id.* A protection order hearing is scheduled for November 19, 2020.[3] *Id.* at 6.

## DISCUSSION

### A.    Not all Defendants have notice of the motion

"The court may issue a preliminary injunction only on notice to the adverse

---

[3] The minor Plaintiffs in this matter apparently have a major crimes forensic interview also scheduled for November 19, 2020. *See* ECF No. 32 at 6. Aaron sought to have the Protection Order hearing moved; it appears he was unsuccessful.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 6

party." Fed. R. Civ. P. 65(a)(1). The Local Rules required Plaintiffs to serve the Motion for Preliminary Injunction (and all other pleadings, notices or other electronically filed documents) on non-ECF filers in accordance with the Federal Rules of Civil Procedure. LCivR 5(b). Plaintiffs have not done so.

It appears Plaintiffs have only properly served Defendants Keith Glanzer and Donna Henry in this matter. *See* ECF Nos. 9, 31. As to Spokane County Superior Court justices, Plaintiffs' proof of service states that the process server left the summons at the clerk's office. *See* ECF No. 9 at 1. It does not legibly state a name of the person it was left with and thus the Court cannot conclude that the process server personally served an individual authorized by law. *See id.* Regarding Carl Wilson, leaving a summons affixed to the door at a residence does not constitute proper service of an individual. *See* Fed. R. Civ. P. 4; ECF No. 9 at 3. Finally, Plaintiffs do not attach proof of service for Keith A. Glanzer, P.S. *See* ECF No. 9. While Plaintiffs certify they have emailed copies of certain pleadings to the other Defendants, this is not proper service.[4] *See* ECF No. 31; Fed. R. Civ. P. 4.

It appears from Plaintiffs' reply that Spokane County Superior Court now has actual notice of the lawsuit, even if it has not been properly served. ECF No. 32 at 20–21. But without evidence of proper service, this Court cannot conclude that

---

[4] Additionally, Plaintiffs emailed the remaining Defendants on November 17, 2020, after the response to the Motion for Preliminary Injunction was due. ECF No. 31. This is not sufficient notice, even if service were proper.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 7

Spokane County Superior Court has notice of the Motion for Preliminary Injunction—and it certainly did not have the opportunity to respond. There is thus insufficient evidence to conclude that all Defendants have notice of this pending civil action or the instant motion for preliminary injunction. So the Court cannot issue a preliminary injunction.

Because Plaintiffs proceed *pro se*, this Court considers whether this motion may be construed a motion for a temporary restraining order. Even so construed, the motion must fail. The standard for a temporary restraining order is the same as that for a preliminary injunction, except that Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R.Civ.P. 65(b). As explained below, Plaintiffs do not face immediate and irreparable injury. Additionally, *pro se* Plaintiffs have not certified in writing any reasons that the Court should not require notice. *See* ECF No. 18. Plaintiffs' motion fails on this basis; nevertheless, the Court now turns to the merits of Plaintiffs' claims.

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 8

**B.    A preliminary injunction in federal court is inappropriate here**

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[P]laintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original). Plaintiffs have failed to show the likelihood of success on the merits, which is required to justify extraordinary injunctive relief. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).

The restraining order Plaintiffs seek would have the effect of staying the pending state court action. However, the Anti–Injunction Act, 28 U.S.C. § 2283, states that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. These three exceptions are to be construed narrowly, "resolv[ing] doubts in favor of letting the state action proceed." *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999).

The United States Supreme Court has held that Congress provided an

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 9

exception under 42 U.S.C. § 1983. *See Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). And the Plaintiffs sued under Section 1983, though they fail to mention the statute in their Motion for Preliminary Injunction. *See* ECF Nos. 1, 18. Even so, Plaintiffs must show "*exceptional* circumstances": that "irreparable injury is both great and immediate," the state action is "flagrantly and patently violative of express constitutional provisions" or there is "a showing of bad faith, harassment, or other unusual circumstances. *Mitchum*, 407 U.S. at 230 (emphasis added).

No exceptional circumstances exist here. Plaintiffs have not shown that the alleged injury is irreparable and immediate; Plaintiffs have not exhausted the procedure to appeal the contested decision in state court. The Spokane County Superior Court Local Administrative Rules provides Plaintiffs recourse to pursue a motion to revise a Commissioner's ruling or other appellate relief. *See* LAR 0.7. In any event, federal district court is not the correct place to pursue reconsideration of a state court decision. *See Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). The Court understands the serious and reprehensible nature of the allegations, yet Plaintiffs can avoid injury by pursuing this matter through the proper channels.

Nor does the state court decision flagrantly violate state constitutional provisions. Plaintiffs have shown no violations of state court procedure for the issuance, denial, or revocation of a temporary restraining order. As the Glanzer Defendants point out, Aaron had notice of the time and location of the hearing to

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 10

which he did not appear. *See* ECF No. 26 at 4 (citing Spokane County Superior Court Special Proceedings Rule 94.04(h)(7)(A)(ii)).

Finally, although Plaintiffs read bad faith into Defendants' actions, Plaintiffs have produced no evidence indicative of bad faith. *See generally* ECF No. 18. From Colby's declaration, it appears likely to the Court that Aaron reported to the incorrect courtroom for the hearing, and thus Commissioner Swennumson reasonably concluded that Plaintiff had failed to appear. *See* ECF No. 18-1. And although Plaintiffs bemoan a plot against them, by their own admission, the Superior Court has entered rulings that show it remains cognizant of the seriousness of domestic violence allegations. The superior court assigned a Guardian *ad Litem* for the minor Plaintiffs, citing "credible allegations of child abuse." ECF No. 32 at 16. The superior court had issued a temporary protective order. *See id* at 6–7. When it learned of the federal court case, the superior court assigned a visiting judge. *Id.* at 20–21. Since Aaron's failure to appear on November 5, 2020, he has been able to pursue a protective order further in state court. *See*, *e.g.*, *id* at 6–7, 20–21. This Court will thus not interfere with a reasonable application of state court procedure, even if said procedure does not provide Plaintiffs immediate relief. For the reasons discussed above, Plaintiffs are unlikely to succeed on the merits and so the Court cannot issue a preliminary injunction in this matter.

**C.    The Court declines to award attorney fees, but cautions Plaintiffs not to file frivolous motions**

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 11

1

2    This Court recognizes that Plaintiffs proceed *pro se* in this action, but

3    Plaintiffs must nevertheless conform to the Federal and Local Rules. The Court

4    declines to award attorney fees in this instance but cautions Plaintiffs to scrutinize

5    the rules and applicable law before filing subsequent motions. Particularly, the

6    Court reminds the parties that if they are requesting a hearing with oral argument,

7    they must first contact the Clerk's Office and the opposing parties to determine a

8    mutually agreeable date and time for which the Court is available. LCivR

9    7(i)(3)(B)(i). And if the parties attach exhibits or declarations to the pleadings, the

10   parties must cite to the relevant pages of those attachments, directing the Court to

11   the location of evidence that supports their arguments. *See generally* LCivR 7(h).

12   The Court reminds the parties that it has the authority to issue sanctions under

13   Federal Rule of Civil Procedure 11(c) and Local Civil Rule 83.3(k) if they fail to

14   comply with the rules, including by filing frivolous motions.

15   **D.    Plaintiffs may not file additional motions in this matter until all Defendants have filed an answer**

16

17   As noted above, Plaintiffs have not properly served all Defendants in this

18   matter. *See* ECF Nos. 9, 31; Fed. R. Civ. P. 4. Only the Glanzer Defendants and

19   Henry have filed an answer. ECF Nos 7, 11. Before the Court can delve into the

20   minutia of this case, it seeks to ensure that all Defendants have notice and the

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO
RENEW – 12

opportunity to answer the allegations in Plaintiffs' complaint. Accordingly, the Court denies with leave to renew the pending Motion to Take Judicial Notice, ECF No. 15, Motion to Recognize Minor Plaintiffs as I.P.P. and Dual Nationals Through Final Foreign Decree Issue 2018, ECF No. 23, and Motion for Order of Witness Defendant Ezra Glanzer Withdraw as Counsel, ECF No. 30. Plaintiffs may not refile these motions or file any other motions against Defendants without seeking leave of this Court or until *all* Defendants have filed an answer in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiffs' Motion for Preliminary Injunction, **ECF No. 18**, is **DENIED**.

2.     The Court **DECLINES** to award attorney fees to the Glanzer Defendants for time spent responding to Plaintiffs' Motion for a Preliminary Injunction, ECF No. 18.

3.     Plaintiffs' Motion to Take Judicial Notice, **ECF No. 15**, is **DENIED WITH LEAVE TO RENEW**.

4.     Plaintiffs' Motion to Recognize Minor Plaintiffs as I.P.P. and Dual Nationals Through Final Foreign Decree Issue 2018, **ECF No. 23**, is **DENIED WITH LEAVE TO RENEW**.

5.     Plaintiffs' Motion for Order of Witness Defendant Ezra Glanzer Withdraw as Counsel, **ECF No. 30**, is **DENIED WITH LEAVE TO**

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 13

**RENEW**.

6.  Plaintiffs are directed to **PROPERLY SERVE** all Defendants under Federal Rule of Civil Procedure 4, file proof of proper service, or move to dismiss certain Defendants **by no later than December 23, 2020**. *See* Fed. R. Civ. P. 4(m).

7.  Plaintiffs **SHALL NOT FILE** any additional motions <u>against</u> Defendants without seeking leave of the Court or until *all* Defendants have filed answers or dispositive motions in this matter.

8.  Plaintiffs are reminded that they must comply with the local and federal rules in this matter.

//

//

//

9.  The Clerk's Office is directed to **UPDATE** the caption to the following:

> *In propria persona* AARON M. SURINA; A.A.S., minor son; and D.M.S., minor son,
>
> Plaintiffs,
>
> v.
>
> KEITH A. GLANZER; KEITH A. GLANZER, P.S.; SPOKANE COUNTY SUPERIOR COURT JUSTICES; DONNA HENRY; and CARL BERNARD WILSON,

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO RENEW – 14

Defendants.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and

provide copies to all counsel and *pro se* Plaintiffs.

**DATED** this 20th day of November 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION, DENYING OTHER MOTIONS WITH LEAVE TO
RENEW – 15