FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| *In propria persona* AARON M. SURINA; A.A.S., minor son; and D.M.S., minor son,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH A. GLANZER; KEITH A. GLANZER, P.S.; SPOKANE COUNTY SUPERIOR COURT JUSTICES; DONNA HENRY; and CARL BERNARD WILSON,<br><br>Defendants. | No.   2:20-cv-00345-SMJ<br><br>**ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR COURT JUSTICES' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants Spokane County Superior Court Justices'[1] ("Judges") motion to dismiss, ECF No. 35. The Court is fully informed and grants the motion and dismisses Judges with prejudice.

**BACKGROUND**

Plaintiffs filed their Complaint on September 24, 2020. ECF No. 1. The

---

[1] Filings in this matter alternately name "Spokane County Superior Court Justices," "Spokane County Superior Court Justices (EN BANC)," and "Spokane County Superior Court." *See, e.g.*, ECF Nos. 1, 9 & 35.

ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR
COURT JUSTICES' MOTION TO DISMISS – 1

Complaint names "Spokane County Superior Court Justices (EN BANC)" as a Defendant. ECF No. 1 at 2. Plaintiffs filed "Proof of Service" on October 16, 2020. ECF No. 9. The proof of service indicated that the process server left the summons for "Spokane County Superior Court" at "Rm 300/Clerk." *Id.* at 1.

Plaintiffs appears to bring a claim under 42 U.S.C. § 1983, alleging that Defendants violated their Fourth, Fifth, and Eighth Amendment Rights. ECF No. 1 at 3–4. As to Judges, Plaintiff Aaron Surina alleges that Commissioner Swennumson ordered ninety percent of his income to go to his wife, and denied his motion to correct this judgment. *Id.* at 6. Commissioner Swennumson also allegedly denied him equal time with his children (minor Plaintiffs A.A.S. and D.M.S.). *Id.* He also alleges that Commissioners receive payments from Washington State Department of Social and Health Services (DSHS) to place children in the lower income household of divorcing parents and that the court has ignored his objections to this practice. *Id.* Plaintiffs assert monetary damages and other "appropriate relief." *Id.* at 7.

## DISCUSSION

**A.    The Court takes judicial notice of the Final Divorce Order**

A Court may take judicial notice of facts which are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b). A court may not take judicial notice of a matter that is in dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.2001). The Court can take judicial notice of facts contained in public records. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir.2006).

The Court takes Judicial Notice under Federal Rule of Evidence 201 of Plaintiff's state action at issue here, Plaintiff's Final Divorce Order in Spokane County Superior Court Cause Number 17-3-01817-0. ECF No. 37-1; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The rights and obligations created by this Order constitute the basis of Plaintiffs' Complaint against Judges. *See* ECF No. 1 at 6. The existence and contents of the Final Divorce Order are generally known to this tribunal as well as being capable of being authenticated by a source whose accuracy cannot reasonably be questioned and meets the requirements for admission.

**B.    This Court lacks jurisdiction to hear claims against Judges**

    **1.    Plaintiffs did not properly serve Judges**

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Plaintiffs did not properly serve Judges as required by Federal Rules of Civil Procedure 4 and 12. *See* Fed. R. Civ P. 4(a)(1)(a)–(b), 12(b)(4). First, Plaintiffs did not name or serve a proper Defendant.

ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR
COURT JUSTICES' MOTION TO DISMISS – 3

1  Second, Plaintiffs did not comply with the statutory rules for service upon a county.
2  *See* Wash. Rev. Code § 4.28.080(1).

3  The Complaint names "Spokane County Superior Court Justices (EN
4  BANC)" as a Defendant. But the proof of service lists "Spokane County Superior
5  Court" at "Rm 300/Clerk." ECF No. 9 at 1. There is no such entity as "Spokane
6  County Superior Court Justices (EN BANC)". Service was thus not directed to a
7  particular defendant. *See* Fed. R. Civ. P. 4(a)(1). Nor did Plaintiff serve the
8  summons and complaint on the county auditor or chief executive officer as required.
9  *See* ECF No. 9 at 1; Wash. Rev. Code § 4.28.080(1); Fed. R. Civ. P. 4(j)(2). The
10 Court thus lacks personal jurisdiction over Judges.

11 Although Plaintiffs seek alternative service or service by the U.S. Marshal
12 Service, ECF No. 39 at 1, because Plaintiffs' Complaint is otherwise deficient, *see*
13 *below*, the Court denies Plaintiffs' request.

14
   **2.  This Court lacks subject-matter jurisdiction to adjudicate
15      Plaintiffs' damages claims against judges**

16 A two-part test determines whether a judge is immune from liability when
17 sued under Section 1983. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) First, the
18 judge must have dealt with the plaintiff in his judicial capacity. *Id.* "[W]hether an
19 act by a judge is a judicial one relates to the nature of the act itself, *i.e.* whether it is
20 a function normally performed by a judge, and to the expectations of the parties, *i.e.*

ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR
COURT JUSTICES' MOTION TO DISMISS – 4

whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quoting *Stump*, 435 U.S. at 362). Second, the judge must not have acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357.

Both prongs of judicial immunity are met here. Plaintiff seeks damages from this court which he asserts stem from a state court judgment. This is a function normally performed by judges in their judicial capacity. And in issuing the Final Divorce Order, the judge did not act in the clear absence of all jurisdiction. *See* ECF No. 37-1; *Stump*, 435 U.S. at 357, 362.

The Eleventh Amendment further bars Plaintiffs' claims against Judges. Under the Eleventh Amendment, this Court cannot adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities. *See Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890); *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019). Washington has not unmistakably waived this immunity for judges in their official capacity, nor has unmistakably Congress abrogated it. *See Raygor v. Regents of the Univ of Minn.*, 534 U.S. 533, 541–42 (2002). Washington law provides judges with absolute immunity from civil damage suits for acts performed within their judicial capacity. *Taggart v. State*, 822 P.2d 243, 247 (Wash. 1992); Wash. Rev. Code § 4.24.470. The purpose of such immunity is to ensure that judges can administer justice without fear of personal consequences. *Taggart*, 822 P.2d at 247. Judges are thus immune from money

damages.

**C.    Plaintiffs improperly appeal a state court judgment in federal court**

"The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see also Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).

A plaintiff cannot bring a federal suit when the claim merely constitutes "a forbidden de facto appeal of a state court decision" or any inextricably intertwined claim. *Id.*; *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (holding a federal suit is prohibited "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.").

Plaintiffs' action here is "inextricably intertwined" with the Final Divorce Order. *See Bell*, 709 F.3d at 897; ECF Nos. 37-1, 27-2. They dispute the validity of the custody and child support decision as well as the division of assets. ECF No. 1 at 6. They blame this on procedural shortcomings, alleged constitutional violations, and a supposed scheme with DSHS to favor custody with the lower-income parent. *See id*. As to their claims against Judges, Plaintiffs merely attempt a de facto appeal of state court proceedings.

ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR
COURT JUSTICES' MOTION TO DISMISS – 6

Plaintiffs' raises other arguments and allegations in response to his motion to dismiss. ECF No. 39. These include that Judges refused to accept pleadings requesting a temporary restraining order to protect minor plaintiffs and ordered a writ of habeas corpus without a hearing while Plaintiff was in the hallway. *Id.* at 3. They also include that Judges have denied Plaintiffs' request for a change of venue. ECF No. 39 at 6. Those factual claims were not asserted in Plaintiffs' Complaint. Nor have Plaintiffs filed any amended complaint. More importantly, for reasons discussed in the Court's Order Denying Plaintiffs' Motion for Preliminary Injunction, ECF No. 33, these claims are similarly improper. *See* ECF No. 33 at 10–11 (discussing *Noel*, 341 F.3d at 1155 in the context of Plaintiffs other allegations). The gravamen of Plaintiffs' Complaint is that they disagree with the results of his state court proceedings. And for the reasons discussed in this Order, the Court cannot hear those claims. Plaintiffs must pursue the proper state court remedies.

**D.    Plaintiffs fail to state a claim upon which relief can be granted**

Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted," including where the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR
COURT JUSTICES' MOTION TO DISMISS – 7

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* While the plaintiff need not make "detailed factual allegations," "unadorned" accusations of unlawful harm and "formulaic" or "threadbare recitals" of a claim's elements, supported only "by mere conclusory statements," are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pleaded are true, and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

Here, Plaintiffs appear to bring a claim under 42 U.S.C. § 1983, alleging that Defendants violated their Fourth, Fifth, and Eighth Amendment Rights. ECF No. 1 at 3–4. As to Judges, Plaintiff Aaron Surina alleges that Commissioner Swennumson ordered ninety percent of his income to go to his ex-wife and denied his motion to correct this judgment. *Id.* at 6. Commissioner Swennumson also allegedly denied him equal time with his children (minor Plaintiffs A.A.S. and

1  D.M.S.). *Id.* He also alleges that Commissioners receive payments DSHS to place
2  children in the lower income household of divorcing parents and that the court has
3  ignored his objections to this practice. *Id.* Plaintiffs' Complaint contains little more
4  than legal conclusions couched as factual allegations. Instead of making "detailed
5  factual allegations," his insistence that Judges have violated his rights contains little
6  support. *See Iqbal*, 556 U.S. at 678. Other than the Final Divorce order and
7  threadbare allegations of a scheme with DSHS, there are no other facts in the
8  complaint which give rise to legal liability for Judges. *See id.*

9  **E.     The Court dismisses Judges with prejudice**

10 "[D]ismissal without leave to amend is improper unless it is clear . . . that the
11 complaint [can] not be saved by any amendment." *Lee v. City of Los Angeles*, 250
12 F.3d 668, 692 (9th Cir. 2001). In this case, Plaintiffs clearly cannot save their claims
13 against Judges through Amendment. Accordingly, the Court dismisses the claims
14 against Judges with prejudice.

15       Accordingly, **IT IS HEREBY ORDERED**:

16    **1.**    Defendant Spokane County Superior Court Judges Memorandum for
17            Dismissal Pursuant to FRCP 12(b); and Motion for Judgment on the
18            Pleadings, **ECF No. 35**, is **GRANTED**.

19    **2.**    Plaintiffs' Prayer for Alternate/Substitute Service on Defendant
20            Spokane County Exec Gerry Gemmil (CEO), **ECF No. 39 at 1**, is

ORDER GRANTING DEFENDANTS SPOKANE COUNTY SUPERIOR
COURT JUSTICES' MOTION TO DISMISS – 9

**DENIED**.

3. The claims against Judges in Plaintiffs' Complaint, **ECF No. 1**, are **DISMISSED WITH PREJUDICE**.

4. The Clerk's Office is directed to **UPDATE** the caption to the following:

> *In propria persona* AARON M. SURINA; A.A.S., minor son; and D.M.S., minor son,
>
> Plaintiffs,
>
> v.
>
> KEITH A. GLANZER; KEITH A. GLANZER, P.S.; DONNA HENRY; and CARL BERNARD WILSON,
>
> Defendants.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* Plaintiffs.

**DATED** this 8th day of January 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge