FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| *In propria persona* AARON M. SURINA; A.A.S., minor son; and D.M.S., minor son,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH A. GLANZER; KEITH A. GLANZER, P.S.; DONNA HENRY; and CARL BERNARD WILSON,<br><br>Defendants. | No. 2:20-cv-00345-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants Keith A. Glanzer, Keith A. Glanzer, P.S., and Carl B. Wilson's (together, "Moving Defendants") Memorandum & Motion for Dismiss Pursuant to FRCP 12(b); and Motion for Judgment on the Pleadings, ECF No. 43. Also before the Court is Plaintiffs' response to the motion to dismiss, which they have styled as a "motion to set case schedule" and other forms of relief. ECF No. 45. The Court is fully informed and grants Moving Defendants' motion, denies Plaintiffs' motion, and dismisses this matter with prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 1

# BACKGROUND

Plaintiffs appears to bring a claim under 42 U.S.C. § 1983, alleging that Defendants violated their Fourth, Fifth, and Eighth Amendment Rights in the course of state court divorce and custody proceedings. ECF No. 1 at 3–4. They allege that Moving Defendant Keith Glanzer "accepted and submitted non lawyer work and as counsel testified as a witness providing hearsay to remove me from separate property" and otherwise misled the court. *Id.* at 4. Next, they allege that Moving Defendant Carl Wilson "authored all submissions in case and paid 5,000 to Keith to testify" and "placed a fraudulent instrument against my real property w/o any authority." *Id.* at 5. Finally, they allege Defendant Donna Henry, Plaintiff Aaron Surina's personal realtor, "disclosed and worked on behalf of opposing party to a lawsuit causing major issues for personal financial gain." *Id.*[1] Plaintiffs assert monetary damages and other "appropriate relief." *Id.* at 7.

//

//

---

[1] This Court previously dismissed Defendant Spokane County Superior Justices. ECF No. 42. As to that Defendant, Plaintiff Aaron Surina alleged that Commissioner Swennumson ordered ninety percent of his income to go to his wife and denied his motion to correct this judgment. ECF No. 1 at 6. Commissioner Swennumson also allegedly denied him equal time with his children (minor Plaintiffs A.A.S. and D.M.S.). *Id.* He also alleged that Commissioners receive payments from Washington State Department of Social and Health Services (DSHS) to place children in the lower income household of divorcing parents and that the court has ignored his objections to this practice. *Id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 2

**LEGAL STANDARD**

Courts must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Federal courts are presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (Plaintiff bears the burden of proving that subject matter jurisdiction exists).

A defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) through a facial attack or a factual one. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Here, Defendants facially attack Plaintiffs' complaint under the *Rooker-Feldman* doctrine, among other things. ECF No. 43; *see also Wolfe*, 392 F.3d at 362 (determining a challenge under the *Rooker-Feldman* doctrine constitutes a facial attack). "An argument that the court does not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1)." *Hylton v. J.P. Morgan Chase*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 3

*Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018).

## DISCUSSION

Moving Defendants argue this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 43 at 8–9. This Court agrees.

The *Rooker–Feldman* doctrine stems from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine "is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008). Congress vested "the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "The doctrine [therefore] bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)).

"To determine whether an action functions as a de facto appeal, [courts] 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *Cooper*, 704 F.3d at 777–78 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 4

> plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.

*Noel*, 341 F.3d at 1164.

"There are two kinds of cases in which such a forbidden de facto appeal might be brought." *Noel*, 341 F.3d at 1163. "First, the federal plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court." *Id*. "Second, the federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Id*. "*Rooker–Feldman* thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Only after a district court first determines a case involves a forbidden de facto appeal does the "inextricably intertwined" test articulated in *Feldman* come into play. *Noel*, 341 F.3d at 1158. In *Feldman*, the Supreme Court stated

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 5

*Bianchi*, 334 F.3d at 898 (alteration in original) (quoting *Feldman*, 460 U.S. at 483 n.16). Accordingly, "[o]nce a federal plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Noel*, 341 F.3d at 1158. A federal district court must then "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*.

Plaintiffs' action involves a forbidden de facto appeal. Plaintiffs' Complaint centers on state court orders arising out of dissolution and custody proceedings. *See generally* ECF No. 1. Plaintiffs' action here is "inextricably intertwined" with the state proceedings. *See Bell*, 709 F.3d at 897; ECF Nos. 37-1, 27-2. They dispute the validity of the custody and child support decision as well as the division of assets. ECF No. 1 at 6. They blame this on procedural shortcomings, alleged constitutional violations, a supposed scheme with DSHS to favor custody with the lower-income parent, and malfeasance by Defendants. *See id*. Besides damages, Plaintiffs seek other "appropriate relief." *Id*. at 7. This Court could, of course, award damages only if it first determined the state superior court erred under controlling state law. But "*Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Bianchi*, 334 F.3d

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 6

at 901. Because Plaintiffs assert as their injury legal error or errors by the state court *and* seek open-ended relief from the state court judgment, this cause constitutes a de facto appeal.

The gravamen of Plaintiffs' Complaint is that they disagree with the results of the state court proceedings. And for the reasons discussed in this Order, the Court cannot hear those claims. Plaintiffs must pursue the proper state court remedies. This Court lacks subject matter jurisdiction and the *Rooker-Feldman* doctrine bars Plaintiffs' suit. As a result, the Court dismisses Plaintiffs' Complaint against all remaining Defendants.

The Court finds granting Plaintiffs leave to amend would be futile. *See, e.g.*, *Cooper*, 704 F.3d at 783 ("Dismissal of a complaint without leave to amend is proper where it is clear that the complaint could not be saved by amendment."). Because this Court dismisses Plaintiffs' Complaint based on the forgoing analysis, it declines to reach Defendants' alternative arguments.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Keith A. Glanzer, Keith A. Glanzer, P.S., and Carl B. Wilson's Memorandum & Motion for Dismiss Pursuant to FRCP 12(b); and Motion for Judgment on the Pleadings, **ECF No. 43**, is **GRANTED**.

2. Defendants Keith A. Glanzer, Keith A. Glanzer, P.S., and Carl B.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 7

Wilson's request for attorney fees, **ECF No. 43 at 15**, is **GRANTED**.

    *A.*    Moving Defendants may recover attorney fees associated with the preparation of the motion to dismiss, ECF No. 43.

    *B.*    Moving Defendants shall file a bill of costs **by no later than fourteen (14) days from the date of entry of judgment**. *See* LCivR 54.

3.    Plaintiffs' Motion to Set Case Schedule, **ECF No. 45**, is **DENIED** as to all forms of relief requested.

4.    Plaintiffs' Complaint, **ECF No. 1**, is **DISMISSED WITH PREJUDICE**.

5.    All pending motions are **DENIED AS MOOT**.

6.    All hearings and other deadlines are **STRICKEN**.

7.    The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* Plaintiffs.

**DATED** this 20th day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge